FILED
2012 Jul-26 AM 11:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| GWENDOLYN LOVE,<br><br>　　　　Plaintiff<br><br>v.<br><br>GC SERVICES, L.P.,<br><br>　　　　Defendant | )<br>)<br>)<br>)<br>)<br>) Case No.:<br>)<br>) **COMPLAINT AND DEMAND FOR**<br>) **JURY TRIAL**<br>)<br>) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

GWENDOLYN LOVE ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against GC SERVICES LIMITED PARTNERSHIP ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and has an office in the State of Alabama, and therefore, personal jurisdiction is established.

PLAINTIFF'S COMPLAINT

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Huntsville, Alabama, 35801.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with its principal place of business located at 6336 Gulfton Drive, Houston, Texas, 77081.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and attempted to collect a debt from Plaintiff.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff, related to a student loan.

11. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

12. As Plaintiff has no business debt, the debt could only be personal in nature.

13. Between August 2011 and February 2012, Defendant placed a series of harassing collection calls to Plaintiff.

14. Defendant's calls originated from numbers including, but not limited to (256) 781-0051; (256) 781-0034; (877) 244-7901; and (614) 322-1797. The undersigned has confirmed these numbers belong to Defendant.

15. Defendant regularly called Plaintiff multiple times per day.

16. On some days, Defendant called Plaintiff more than three times per day.

17. On or around January 3, 2012, Defendant's collector called Plaintiff at 7:28 a.m. Eastern Standard Time.

18. As Plaintiff is elderly and disabled, she is a person of heightened vulnerability.

19. Accordingly, she felt extremely threatened and apprehensive towards Defendant's debt collection practices.

20. Further, Defendant's collectors threatened to sue Plaintiff if she did not set up a payment plan and make payments towards the debt.

21. Plaintiff did not enter into a payment plan to pay the alleged debt and yet Defendant has not sued for the alleged student loan debt.

22. Accordingly, Defendant never intended to sue and made the threat in hopes of intimidating Plaintiff into making payments.

23. Defendant took the above actions with the intent to harass, upset and oppress Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

24. Section 1692c(a)(1) of the FDCPA prohibits debt collectors from contacting consumers at any unusual time or place or time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 a.m. and before 9:00 p.m.

25. Defendant violated §1692c(a)(1) of the FDCPA when it called Plaintiff before 8:00 am.

## COUNT II
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

26. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

27. Defendant violated §1692d of the FDCPA when it continuously and repeatedly called Plaintiff on her home telephone number, when it called plaintiff prior to 8:00 a.m., when it threatened legal action that Defendant had no intention of pursuing, and when it engaged in other harassing and oppressive conduct.

## COUNT III
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

28. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engage in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

29. Defendant violated §1692d(5) when it called Plaintiff repeatedly with the intent to annoy Plaintiff.

## COUNT IV
## DEFENDANT VIOLATED § 1692e OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

30. Section 1692e of the FDCPA prohibits debt collectors from making false, deceptive, or misleading representations or means in connection with the collection of any debt.

31. Defendant violated §1692e when it falsely represented its intention to sue Plaintiff, and when it made other false and misleading statements.

## COUNT V
## DEFENDANT VIOLATED § 1692e(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

32. Section 1692e(5) of the FDCPA prohibits debt collectors from threatening to take any action that cannot legally be taken or that is not intended to be taken.

33. Defendant violate §1692e(5) when it threatened to sue Plaintiff without the intent to do so.

## COUNT VI
## DEFENDANT VIOLATED § 1692e(10) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

34. Section 1692e(10) of the FDCPA prohibits debt collectors from using false representations or deceptive means to collect a debt or to obtain information from a consumer.

35. Defendant violated § 1692e(10) of the FDCPA, when it threatened to sue Plaintiff without the intent to do so, and when it made other false representations or deceptive means to collect a debt.

## COUNT VII

## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

36. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

37. Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously with knowledge that Plaintiff was elderly and handicapped, when it called Plaintiff before 8:00 am, when it threatened to sue Plaintiff when it lacked intent to do so, and when it engaged in other unfair conduct.

WHEREFORE, Plaintiff, GWENDOLYN LOVE, respectfully prays for a judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, GWENDOLYN LOVE, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

- 6 -

PLAINTIFF'S COMPLAINT

RESPECTFULLY SUBMITTED,

DATED: July 26, 2012

By: _____
Amy L. Bennecoff
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (215) 540-8817
Email: abennecoff@creditlaw.com

**Serve defendant via certified mail at the following address:**

GC Services Limited Partnership
6336 Gulfton Drive
Houston, TX 77081